**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case Nos. 12-20112-03-CM (Criminal)** |
| v. ) | **16-2438-CM (Civil)** |
| ) | |
| **JONATHAN WHISTLER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This case is before the court on defendant Jonathan Whistler's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 251). Defendant seeks review of his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See id.* at 2563.

Defendant entered into an 11(c)(1)(C) plea agreement with the government, jointly proposing a sentence of 140 months in prison. Within that agreement, defendant waived the right to challenge his sentence in a collateral attack under § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), and 18 U.S.C. § 3582(c)(2)). But the government has not sought to enforce the waiver, so the court addresses the merits of defendant's claims. *See United States v. Calderon*, 428 F.3d 928, 930–31 (10th Cir. 2005) ("[T]he waiver is waived when the government utterly neglects to invoke the waiver.").

**I.    Procedural History**

On June 11, 2013, defendant pleaded guilty to conspiring to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(A)(viii), and 846. Based upon the

amount of methamphetamine attributed to defendant, his base offense level was calculated at 34. U.S.S.G. § 2D1.1.  Defendant was considered a career offender based on his prior controlled substance offense and at least two prior crimes of violence.  His base offense level was enhanced to 37.  After the proper reductions, defendant's controlling guideline sentence was 262 to 327 months.

On March 12, 2014, the court accepted the parties' recommendation and sentenced defendant to a controlling term of 140 months.  Defendant did not appeal his sentence and conviction.  On June 20, 2016, defendant filed the instant motion.

**II.     Discussion**

Defendant claims that *Johnson* impacts his overall sentence.  However, even if defendant had not been considered a career offender, his base offense level was 34 and his criminal history remained a category VI.  After the appropriate reductions pursuant to U.S.S.G. § 3E1.1, defendant's total offense level would have been 31, with a guideline range of 188 to 235 months.

Defendant was sentenced to 140 months, which is below the minimum guideline sentence even without the career offender enhancement.  Application of *Johnson* does not alter defendant's sentence and his § 2255 motion is denied.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

**IT IS THEREFORE ORDERED** that defendant Jonathan Whistler's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 251) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

**IT IS FURTHER ORDERED** that defendant's pro se motion to appoint counsel (Doc. 252) is denied as moot.

Dated this 24th day of February 2017, at Kansas City, Kansas.

                                              s/ Carlos Murguia
                                              **CARLOS MURGUIA**
                                              **United States District Judge**